1  JOHN P. COLEMAN, SBN 60844
   **BOLLING & GAWTHROP**
2  A Professional Corporation
   8880 Cal Center Drive, Suite 190
3  Sacramento, California  95826
   Telephone:  (916) 369-0777
4  Facsimile: (916) 369-2698

5  STEPHEN T. MOFFETT, ESQ. (admitted *Pro Hac Vice*)
   THOMAS L. VITU, PHV (admitted *Pro Hac Vice*)
6  **MOFFETT VITU LASCO & PACKUS, PC**
   Brown Street Centre
7  255 East Brown Street, Suite 349
   Birmingham, MI 48009
8  Telephone:  (248) 646-5100
   Facsimile:  (248) 646-5332

9
   Attorneys for Sunbeam Products, Inc.
10

11

12                      UNITED STATES DISTRICT COURT

13                      EASTERN DISTRICT OF CALIFORNIA

14

15  THOMAS POST, Individually and as Personal         Case No. 2:11-CV-00792-JAM-CMK
    Representative of the Estate of Ida Post;
16  DEBRA FERGUSON; BOBBIE HASKETT;
    MICHAEL POST; LAURA ZEDAKER and
17  MARGIE ZERVOS,

18                      Plaintiff,

19  v.

20  SUNBEAM PRODUCTS, INC.,

21                      Defendants.

22

23  **DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE
    EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT
24  WITNESSES  ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT,
    DEPUTY SHERIFF JESS NICHOLAW and THOMAS K. RESK, M.D.**

25

26

27

28

**Bolling &
Gawthrop**
*A Professional
Corporation*

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................iii

LIST OF EXHIBITS.....................................................................................iv

I.     INTRODUCTION.................................................................................1

II.    RELEVANT DOCUMENTS..................................................................2

III.   LEGAL AUTHORITY..........................................................................2

IV.    ARGUMENT........................................................................................3

       A. **Plaintiffs' disclosure of non-retained experts Eric Rapp, Daniel R.
          Collins, Shannon Garrett, Jess Nicholaw and Thomas K. Resk, M.D.
          does not meet the requirements of Rule 29(a)(2)(C)**......................3

       B. **Defendant has been unfairly prejudiced by Plaintiffs' deficient
          disclosure of non-retained experts Eric Rapp, Daniel R. Collins,
          Shannon Garrett, Jess Nicholaw and Thomas K. Resk, M.D. as
          Defendant is left to guess as to which opinions Plaintiffs will pick
          and choose to present from these witnesses leaving Defendant with no
          meaningful opportunity to effectively scrutinize and challenge
          any opinions that may be offered of these witnesses**......................6

V.     CONCLUSION.....................................................................................7

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
A Professional
Corporation

ii

# TABLE OF AUTHORITIES

**PAGE NO.**

## CASES

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
509 U.S. 579, 589, 592-594 (1993)………………………………………………..2, 7

## COURT RULES

Fed. R. Civ. P. 26(a)(2) ………………………………………………………………2, 3

Fed. R. Civ. P. 26(a)(2)(B) ……………………………………...................1, 3

Fed. R. Civ. P. 26 (a)(2)(C)…………………………………………...1, 2, 3, 4, 5, 7

## RULES OF EVIDENCE

Fed. R. Evid. 702…………………………………………………1, 2, 3, 4, 5, 6, 7, 8

Fed. R. Evid. 703………………………………………………………1, 3, 4, 5

Fed. R. Evid. 705………………………………………………………1, 3, 4, 5

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*

iii

## LIST OF EXHIBITS

**EXHIBIT A** – Plaintiffs' Complaint

**EXHIBIT B** – Plaintiffs' Rule 26(a)(2) Disclosures

**EXHIBIT C** – Deposition Transcript of Thomas Resk, M.D., November 30, 2011

**EXHIBIT D** – Paradise Fire Department Investigation Report

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
A Professional
Corporation

iv

1    Defendant, SUNBEAM PRODUCTS, INC. ("SUNBEAM"), by its counsel, moves this

2  Court, in limine, to preclude the introduction of any expert testimony and opinions from Plaintiffs'

3  non-retained expert witnesses Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess Nicholaw and

4  Thomas K. Resk, M.D. In support of thereof, SUNBEAM states as follows:

5

6    **I.    INTRODUCTION**

7        This is a product liability/wrongful death/survival action arising out of a fire that occurred

8  on or about November 26, 2009, at the residence of Ida Post, deceased, located at 128 Squirrel

9  Lane, Berry Creek, Butte County, California.  Plaintiffs' Complaint alleges causes of action of

10  strict liability, negligence, breach of express warranty, and breach of implied warranty,

11  specifically alleging that a defect in a Sunbeam electric blanket caused the fire.  A copy of

12  Plaintiffs' Complaint is attached hereto as Exhibit A.

13        On February 9, 2012, Plaintiffs filed their Rule 26(a)(2)(B) Disclosures identifying any

14  witnesses that they intend to call at the time of trial that may offer expert opinion testimony under

15  Federal Evidence Rule 702.  In their Disclosure, Plaintiffs identified several "Non-Retained

16  Experts".  As to non- retained experts, Rule 26(a)(2)(C)  provides that "this disclosure must state:

17  (i) the subject matter on which the witness expected to present evidence under Federal Rule of

18  Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is

19  expected to testify."

20        As to Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess Nicholaw and Thomas K. Resk,

21  M.D., Plaintiffs' disclosure of these individuals as non-retained experts is deficient under Rule

22  26(a)(2)(C).  These individuals are public sector employees that had some involvement in the

23  investigation of this fire for the public agencies by whom they are employed.  Each of these

24  witnesses was deposed months before the expert witness disclosure deadline of February 9, 2012.

25        Plaintiffs' disclosure fails to put Defendant on notice as to the subject matter on which any

26  of these witnesses is expected to present evidence under Federal Rule of Evidence 702, 703, or

27  705)  and a summary of the facts and opinions to which the witness is expected to testify.

28  _____

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

**Bolling &
Gawthrop**
*A Professional
Corporation*                                  1

1   Defendant is left to guess as to which opinions Plaintiffs will pick and choose to present from

2   these witnesses.  This has left Defendant with no meaningful opportunity to effectively scrutinize

3   and challenge any opinions of these witnesses.

4        As no proper disclosure and notice under Rule 26(a)(2)(C) has been made of which

5   opinions of non-retained expert witnesses Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess

6   Nicholaw and Thomas K. Resk, M.D. Plaintiffs may intend to offer in this case, any opinions of

7   these witnesses should not be allowed at trial.

8

9   **II.   RELEVANT DOCUMENTS**

10       Plaintiffs' Rule 26(a)(2) Disclosures filed on February 9, 2012 is attached as Exhibit B.

11   Thomas Resk, M.D. is the Medical Examiner for Butte County and conducted an autopsy on Mrs.

12   Post.  Dr. Resk's deposition attached as Exhibit C.  The Paradise Fire Department Investigation

13   Report is attached as Exhibit D.

14

15   **III.  LEGAL AUTHORITY**

16       The admissibility of the testimony and opinions of any expert is governed by Rule 702 of

17   the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S. 579

18   (1993).

19       The evidence rules and case law require that such a witness be qualified by knowledge,

20   skill, experience, training or education to testify on the subject of his opinions and that those

21   opinions are relevant and reliable.  The opinions must be able to assist the trier of fact to decide

22   the issues of this case and take into account the facts of this case.  Any opinions must also be

23   supported by the facts and not based on pure speculation.

24       Fed. R. Evid. 702 provides:

25       If scientific, technical, or other specialized knowledge will assist the trier of
         fact to understand the evidence or to determine a fact in issue, a witness
26       qualified as an expert by knowledge, skill, experience, training, or education,
         may testify thereto in the form of an opinion or otherwise, if (1) the testimony
27       is based upon sufficient facts or data, (2) the testimony is the product of
         reliable principles and methods, and (3) the witness has applied the principles

28

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*                                   2

1    and methods reliably to the facts of the case.

2        As to the disclosure of witnesses that may be relied on to offer expert opinion testimony,

3    Rule 26 makes a distinction and has different requirements between a retained expert and a non-

4    retained expert. "If the witness is one retained or specially employed to provide expert testimony

5    in the case or one whose duties as the party's employee regularly involve giving expert

6    testimony", Rule 26(a)(2)(B) requires that the witness submit a detailed report.

7        As to non-retained experts that may be called to present expert testimony, Rule 26(a)(2)(C)

8    states: "if the witness is not required to provide a written report, this disclosure **must state:** (i) the

9    subject matter on which the witness is expected to present evidence under Federal Rule of

10   Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is

11   expected to testify." (Emphasis added.)

12

13   **IV.  ARGUMENT**

14   **A. Plaintiffs' disclosure of non-retained experts Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess Nicholaw and Thomas K. Resk, M.D. does not meet the requirements of Rule 26(a)(2)(C).**

15

16       Plaintiffs disclosed Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess Nicholaw and

17   Thomas K. Resk, M.D. as non-retained expert witnesses in their Rule 26(a)(2) Disclosures on

18   February 9, 2012 of the Federal Rules of Civil Procedure. The disclosure of these particular non-

19   retained experts is deficient and defective under Rule 26(a)(2)(C).

20       As to these witnesses, Plaintiffs' disclosure cursorily states:

21       "Plaintiffs reserve the right to subpoena as a witness, in person or by deposition, any of the first responders, treaters and/or medical examiners

22   disclosed to Defendant including, but not limited to:

23       a. Eric Rapp
         Paradise Fire Department
24

25       b. Daniel R. Collins
         Cal-Fire/ Butte County Fire Prevention Bureau
26

27       c. Shannon Garrett
         Butte County Fire Prevention Bureau

28

---

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*

3

1    d. Deputy Sheriff Jess Nicholaw
     Butte County Sheriff's Office

2
     e. Thomas K. Resk, M.D., Pathologist.
3        *See* Exhibit B, pp. 5 – 6, (contact information omitted).

4    The disclosure fails to include the information required to be disclosed under Rule

5  26(a)(2)(C) as to the subject matter on which the witness is expected to present evidence under

6  Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the

7  witness is expected to testify.   The disclosure on its face does not comply with the Rule

8  26(a)(2)(C).

9    Plaintiffs were obviously aware of their duties of disclosure under Rule 26(a)(2)(C).   Other

10  non-retained experts disclosed by Plaintiffs included Sunbeam employees Richard J. Prins,

11  Charles W. Murin and Mark Sullivan.   For each of these witnesses Plaintiff did include the

12  following information as to the subject matter on which the witness is expected to present

13  evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and

14  opinions to which the witness is expected to testify.

15    1.   **Richard J. Prins**, 167 Buccaneer Drive, Hattiesburg, Mississippi
16  Mr. Prins is not a retained expert of the plaintiffs, but is an electrical engineer
    employed by the defendant Sunbeam. Plaintiffs intend to call Mr. Prins as an
17  adverse witness in person and/or by prior deposition testimony, including but not
    limited to the deposition he has given this litigation. As such he may offer opinions
18  in the nature of Rule 702, 703, or 705 opinion evidence. Mr. Prins is expected to
    testify as to the design and manufacture of PTC technology-based electrically
19  heated bedding products and their safety circuitry; the substantial similarity among
    all Sunbeam electrically heated bedding products using PTC heating element; the
20  potential fire causing failure modes of PTC wire and the substantial similarity of
    those failure modes among all Sunbeam electrically heated bedding products using
21  PTC heating element; the instances of the ignition of PTC wire during the five
    minute wattage test, also known as the "Heat Rack Test"; the substantial similarity
22  among the various Sunbeam Circuit 104 electrically heated bedding products; the
    substantial similarity among the various Sunbeam Circuit 104 electrically heated
23  bedding products returned with fire claims; the substantial similarity among the
    various Sunbeam Circuit 104 electrically heated bedding products of persons
24  whose testimony and/or products are offered as evidence of other similar incidents;
    and the warranty returns of Sunbeam Circuit 104 electrically heated bedding
25  products with fire related warranty claims, including but not necessarily limited to
    the Circuit 104 electric blankets of Jean Lewis, Lisa Mews, Lisa Noltensmeier,
26  Linda Wilmer, Kathleen Luna, Zach and Jacob Yoches, Denise Dunaway, Cindy
    Werda, Cadi Simins, Marcos Escodero, Theresa Blais, Ferrano, Laua Bolenbaker,
27  Tim Morrisson, Leslie Hinkle, Elizabeth Mullis, Barbara Wiley, Stephanie Smith,
    Nancy Daves, Kristina Knight, Tina Velasco, George Giorgetti, Morrisson,

28  ————————————————————————————————————————
DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

4

Bolling &
Gawthrop
*A Professional
Corporation*

1   Elizabeth Van Orden, Daves, Holly Barela, Velasco, Sharon Derossette, Judy
    Bowerson, Wendy Peterson, and Victoria & Robert Gossling, among others; the
2   claims history of this product; and design and manufacturing defects.

3   2.   **Charles W. Murin**, 319 Pine Lane, Hattiesburg, Mississippi 39402
         Mr. Murin is not a retained expert of the plaintiffs, but is an engineer employed by
4        the defendant Sunbeam. Plaintiffs may call Mr. Murin as an adverse witness in
         person and/or by prior deposition testimony, including but not limited to the
5        deposition he has given this litigation. As such he may offer opinions in the nature
         of Rule 702, 703, or 705 opinion evidence. Mr. Murin is expected to testify as to
6        the design and manufacture of PTC technology-based electrically heated bedding
         products and their safety circuitry; the substantial similarity among all Sunbeam
7        electrically heated bedding products using PTC heating element; the potential fire
         causing failure modes of PTC wire and the substantial similarity of those failure
8        modes among all Sunbeam electrically heated bedding products using PTC heating
         element; the instances of the ignition of PTC wire during the five minute wattage
9        test, also known as the "Heat Rack Test"; the substantial similarity among the
         various Sunbeam Circuit 104 electrically heated bedding products; the substantial
10       similarity among the various Sunbeam Circuit 104 electrically heated bedding
         products of persons whose testimony and/or products are offered as evidence of
11       other similar incidents; and the warranty returns of Sunbeam Circuit 104
         electrically heated bedding products with fire related warranty claims.

12  3.   **Mark Sullivan**, 57 Gary's Lane, Laurel, Mississippi 39443
         Mr. Sullivan is not a retained expert of the plaintiffs, but is an engineer employed
13       by the defendant Sunbeam. Plaintiffs may call Mr. Sullivan as an adverse witness
         in person and/or by prior deposition testimony, including but not limited to the
14       deposition he has given this litigation. As such he may offer opinions in the nature
         of Rule 702, 703, or 705 opinion evidence. Mr. Sullivan is expected to testify as to
15       the design and manufacture of PTC technology-based electrically heated bedding
         products and their safety circuitry; the substantial similarity among all Sunbeam
16       electrically heated bedding products using PTC heating element; the potential fire
         causing failure modes of PTC wire and the substantial similarity of those failure
17       modes among all Sunbeam electrically heated bedding products using PTC heating
         element; the instances of the ignition of PTC wire during the five minute wattage
18       test, also known as the "Heat Rack Test"; the substantial similarity among the
         various Sunbeam Circuit 104 electrically heated bedding products; and the
19       substantial similarity among the various Sunbeam Circuit 104 electrically heated
         bedding products of persons whose testimony and/or products are offered as
20       evidence of other similar incidents. *See* Exhibit B, pp. 3 – 5.

21       The same detail as required by Rule 26(a)(2)(C) is not provided as to the public sector non-

22  retained expert witnesses included in Plaintiffs' Disclosures.  As no disclosure of the subject

23  matter, facts and opinions of these witnesses has been made, these witnesses may not properly

24  offer expert opinion testimony under Federal Evidence Rule 702 at the time of trial.

25

26

27

28

---

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*

1

   **B.   Defendant has been unfairly prejudiced by Plaintiffs' deficient disclosure of non-retained experts Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess Nicholaw and Thomas K. Resk, M.D. as Defendant is left to guess as to which opinions Plaintiffs will pick and choose to present from these witnesses leaving Defendant with no meaningful opportunity to effectively scrutinize and challenge any opinions that may be offered of these witnesses.**

2

3

4

5        Without the proper and necessary disclosure as to the subject matter, facts and opinions of

6   Plaintiffs' disclosed non-retained experts Eric Rapp, Daniel R. Collins, Shannon Garrett, Jess

7   Nicholaw and Thomas K. Resk, M.D., Defendant is unfairly prejudiced in its ability to effectively

8   scrutinize and challenge any opinions that may be offered of these witnesses.   Defendant must

9   essentially try to guess as to which opinions Plaintiffs will pick and choose to present from these

10  witnesses.

11       Each of these witnesses was deposed in this case in November 2011. Plaintiffs therefore

12  had sufficient notice to review and disclose any opinions of these experts that they would offer at

13  the time of trial.  The depositions and reports of these witnesses contain various statements that

14  may be construed as testimony based on the "scientific, technical, or other specialized knowledge"

15  under Fed. R. Evid. 702.  The subject matter, facts and opinions from any of these witnesses

16  should have been disclosed.

17       Will Plaintiffs chose to rely on, contest or ignore the opinions of Dr. Resk that he could

18  find no evidence in this case that Mrs. Post was breathing or conscious at the time of the fire?  *See*

19  Exhibit C, p. 45, line 24 – p. 46, line 7 and p. 57, lines 23 - 25.  Likewise as to the following

20  opinion of Dr. Resk regarding Mrs. Post's life expectancy:

21       Q. Based upon what you reviewed in the medical records, and looking at all the conditions that this woman had, do you have any opinion about her life expectancy, had the fire not occurred?

22       A. I'm not in the prophecy business.

23       Q. How would you describe her general overall physical health condition just before the fire?

24       A. She had severe chronic obstructive pulmonary disease. She was an inveterate smoker, that in the medical records becomes clear that she's probably lying to her doctors, in terms of the extent of her continued smoking. And she continued smoking, despite being on oxygen. Virtually almost a full-time basis, apparently, from what I could read. She had several bouts with respiratory failure, in addition to other issues. She had difficulty in walking around. She also had a significant hypertension and had had -- already had an old stroke from about three, perhaps four years, I think it was 2005. But several years

25

26

27

28

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*

6

1    prior to her death, she had had a cerebral vascular accident or stroke, which left her with
some residual weakness, characterized in the medical records as right hemiparesis. But to
2    respond to your question, she was not in very good shape, and I would suspect her life
expectancy would not be that great because of her noncompliance, apparent
3    noncompliance with the medical regimen, as outlined by her medical care providers and
her continued smoking.

4

    *See* Exhibit C, p. 58, line 1 – p. 59, line 4.

5

6        The same conundrum exists as to the other public sector non-retained experts Plaintiffs

7    have disclosed but for which they have not provided any information as to the subject matter, facts

8    and opinions of these witnesses will supposedly will testify.  Eric Rapp, investigator for the

9    Paradise Fire Department, reported that in his opinion the "fire was started by a heating blanket

10   that was crimped into the metal frame work of the hide-a-bed couch." See, Exhibit D. p. 3.  Even

11   Plaintiffs would deny that this conclusion is accurate.

12       Plaintiffs' non-compliant disclosure of non-retained experts Eric Rapp, Daniel R. Collins,

13   Shannon Garrett, Jess Nicholaw and Thomas K. Resk, M.D. leaves Defendant without notice as to

14   what opinions Plaintiffs intend to have these witnesses offer at the time of trial.   It leaves

15   Defendant with no effective opportunity to challenge the qualifications and as well as the sum and

16   substance of any opinions of these witnesses under a Rule 702 and *Daubert* analysis.   All

17   testimony from these witnesses that qualify as Rule 702 opinion testimony should therefore be not

18   admissible at trial.

19

20   **V.   CONCLUSION**

21       Plaintiffs have failed to properly disclose non-retained public sector employee witnesses

22   that may offer expert opinion testimony at trial. Rule 26(a)(2)(C) clearly requires such disclosures

23   to include the subject matter, facts and opinions of these witnesses.    This lack of adequate

24   disclosure has unfairly prejudiced Defendant in determining exactly what opinions may be offered

25   from these witnesses by Plaintiffs and has left Defendant with no effective means to adequately

26   prepare any challenges to these witnesses' qualifications or the reliability of any such opinions that

27   Plaintiffs may choose to offer.

28

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK. M.D.

**Bolling &
Gawthrop**
*A Professional
Corporation*

7

1      **WHEREFORE**, Defendant, Sunbeam Products, Inc. respectfully requests that this

2   honorable Court grant it's Motion in Limine to Preclude Expert Testimony and Opinions of

3   Plaintiffs' Non-Retained Expert Witnesses Eric Rapp, Daniel R. Collins, Shannon Garrett, Deputy

4   Sheriff Jess Nicholaw And Thomas K. Resk, M.D. and enter an Order that these witnesses shall be

5   precluded from offering Rule 702 expert opinion testimony at the time of trial in this matter.

6   DATED: June ____, 2012.                    BOLLING & GAWTHROP

7

8                                              By:   __//s// John P. Coleman___
                                                    John P. Coleman
9                                              Attorneys for Sunbeam Products, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF
PLAINTIFFS' NON-RETAINED EXPERT WITNESSES, ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY
SHERIFF JESS NICHOLAW AND THOMAS K. RESK, M.D.

Bolling &
Gawthrop
*A Professional
Corporation*

8

IN THE MATTER OF:      ***Post v Sunbeam Products, Inc.***
COURT/CASE NO.:         2:11-cv-00792

PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 8880 Cal Center Drive, Suite 190, Sacramento, California 95826. I am over the age of 18 years and not a party to the above-entitled action.

On June 13, 2012, I caused the within:

**DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFFS' NON-RETAINED EXPERT WITNESSES ERIC RAPP, DANIEL R. COLLINS, SHANNON GARRETT, DEPUTY SHERIFF JESS NICHOLAW and THOMAS K. RESK, M.D.**

the original of which was produced on recycled paper, to be served as follows:

\_\_\_\_\_✓\_BY THE COURT'S C/ECF SYSTEM: I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Eastern District of California, on all ECF-registered parties in the action.

\_\_\_\_\_MAIL – I am readily familiar with Bolling & Gawthrop's practice for collection and processing of correspondence for mailing with the United States Postal Services. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at Sacramento, California at or before the close of each day's business. (CCP Section 1013a(3).)ss

\_\_\_\_\_BY INTERNET/ELECTRONIC MAIL: I caused to be transmitted a copy of the foregoing document(s) this date via internet/electronic mail to Microsoft Outlook for service on the interested parties in this action via their email addresses listed below.

\_\_\_\_\_FACSIMILE – On June 13, 2012, by use of facsimile machine telephone number (916) 369-2698, I served a true copy of the aforementioned document(s) on the parties in said action by transmitting by facsimile machine to the numbers as set forth below. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

\_\_\_\_\_BY PERSONAL SERVICE – I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

\_\_\_\_\_OVERNIGHT COURIER – By causing a true copy and/or original thereof to be personally delivered via the following overnight courier service:

| | |
|---|---|
| Mary E. Alexander, Esq.<br>Jennifer L. Fiore, Esq.<br>Sophia M. Aslami, Esq.<br>MARY ALEXANDER & ASSOCIATES, P.C.<br>44 Montgomery Street, Suite 1303<br>San Francisco, CA 94104<br>Telephone: (415) 433-4440 | Thomas L. Vitu, Esq.<br>Stephen T. Moffett, Esq.<br>MOFFETT, VITU, LASCOE & PACKUS, P.C.<br>255 E. Brown Street, Suite 340<br>Birmingham, MI 48009<br>Telephone: (248) 646-5100<br>Fax: (248) 646-5332 |

Bolling &
Gawthrop
*A Professional
Corporation*

| | |
|---|---|
| Fax: (415) 433-5440<br>Email: malexander @maryalexanderlaw.com<br>Email: jfiore@maryalexanderlaw.com | E-mail: tvitu@mdaal.com |
| George McLaughlin, Esq.<br>BURG   SIMPSON   ELDREDGE   HERSH<br>JARDINE PC<br>40 Inverness Drive East<br>Engelwood, CO 80112<br>Telephone: (303) 792-5595<br>Fax: (303) 708-0527<br>E-mail: gmclaughlin@burgsimpson.com | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 13, 2012, at Sacramento, California.

_Yolanda Manzano_
Yolanda Manzano

PROOF OF SERVICE

Bolling &
Gawthrop
A Professional
Corporation