# EXHIBIT  A

MARY E. ALEXANDER, ESQ. (SBN: 104173)
JENNIFER L. FIORE, ESQ. (SBN: 203618)
SOPHIA M. ASLAMI, ESQ. (SBN: 262712)
Mary Alexander & Associates, P.C.
44 Montgomery Street, Suite 1303
San Francisco, CA 94104
Telephone: (415) 433-4440
Facsimile: (415) 433-5440
Email: malexander@maryalexanderlaw.com
        jfiore@maryalexanderlaw.com

Attorneys for Plaintiffs
THOMAS POST, Individually and as Personal
Representative of the Estate of Ida Post;
DEBRA FERGUSON; BOBBIE HASKETT;
MICHAEL POST; LAURA ZEDAKER; AND
MARGIE ZERVOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POST, Individually and as Personal Representative of the Estate of Ida Post; DEBRA FERGUSON; BOBBIE HASKETT; MICHAEL POST; LAURA ZEDAKER; AND MARGIE ZERVOS, <br><br> Plaintiffs, <br><br> vs. <br><br> SUNBEAM PRODUCTS, INC., <br><br> Defendant. | COMPLAINT FOR DAMAGES FOR PERSONAL INJURY, WRONGFUL DEATH, SURVIVAL ACTION AND PROPERTY DAMAGE <br><br> JURY TRIAL DEMANDED |

## THE PARTIES AND JURISDICTION

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), as there is diversity between the plaintiffs and the defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in the Eastern District of California because the death of Ida Post occurred in Butte County, California, in the Eastern District of California.

1

2.   Ida Post died on November 26, 2009 in Butte County, California, which is located in the Eastern District of California.

3.   Plaintiff Thomas Post, an adult, is a surviving son and an heir at law of Ida Post, deceased, is a resident of Oroville, Butte County, California, and is the Personal Representative of the Estate of his mother, Ida Post, for purposes of this litigation.

4.   Plaintiff Debra Ferguson, an adult, is a surviving daughter and an heir at law, of Ida Post, deceased, and is a resident of Marysville, Yuba County, California.

5.   Plaintiff Bobbie Hasket, an adult, is a surviving daughter and an heir at law, of Ida Post, deceased, and is a resident of Aurora, Dearborn County, Indiana.

6.   Plaintiff Michael Post, an adult, is a surviving son and an heir at law, of Ida Post, deceased, and is a resident of Aurora, Dearborn County, Indiana.

7.   Plaintiff Laura Zedaker, an adult, is a surviving daughter and an heir at law, of Ida Post, deceased, and is a resident of Berry Creek, Butte County, California.

8.   Plaintiff Margie Zervos, an adult, is a surviving daughter and an heir at law, of Ida Post, deceased, and is a resident of Osgood, Ripley County, Indiana.

9.   Defendant Sunbeam Products, Inc. (hereinafter "Sunbeam") is a Delaware corporation, and maintains its corporate headquarters in the state of Florida, at the street address of 2381 Executive Center Drive, Boca Raton, Florida 33431.

10.   Since in or around March 2005, defendant Sunbeam has done business in California and elsewhere as Jarden Consumer Solutions.

11.   At all relevant times, Sunbeam has been licensed to do business in the State of California.

12.   At times that may be relevant hereto, Defendant Sunbeam has undergone various corporate transactions and transformations, and at various times in the past Sunbeam was known as, or was a predecessor in interest to, or was a subsidiary of, or was a division of, or an affiliate of Sunbeam Corporation, Sunbeam, Inc., Sunbeam Oster Household Products, Inc., Sunbeam-Oster Company, Inc., Sunbeam Oster, Inc., Sunbeam Home Comfort Company, Sunbeam Oster

2

1    Housewares, and/or Northern Electric Company.

2    13.    At times relevant hereto, defendant Sunbeam designed, manufactured, and

3    distributed various household appliances, including electric blankets, to consumers in the State

4    of California.

## STATEMENT OF FACTS

5

### The Sunbeam Product

6

7    14.    Defendant Sunbeam designed, manufactured, and distributed, within the state of

8    California a consumer product generally known as a Sunbeam electric blanket.

9    15.    Defendant Sunbeam imported from China certain components of its electric

10   blankets, including the controls for these blankets, and the terminal blocks for these blankets,

11   which contain certain components of the safety circuitry for this product.

12   16.    Decedent Ida Post was the owner or consumer of a Sunbeam electric blanket,

13   specifically known and identified by Sunbeam as a Sunbeam positive temperature coefficient

14   (PTC) heating element electric blanket.

15   17.    The Sunbeam electric blanket of decedent Ida Post included and utilized what

16   Sunbeam generally refers to as the Circuit 104 safety circuit.

17   18.    Since the year 2000, Sunbeam has manufactured and distributed various sizes

18   and styles of PTC electric blankets, throws and mattress covers that contain the Circuit 104

19   safety circuit.

20   19.    The various sizes and styles of Sunbeam PTC electric blankets, throws and

21   mattress covers that contain the Circuit 104 safety circuit are substantially similar in their

22   electrical function and design.

23   20.    The various sizes and styles of Sunbeam PTC electric blankets, throws and

24   mattress covers that contain the Circuit 104 safety circuit are substantially similar in their

25   potential fire-causing failure modes.

26   21.    The PTC heating element included in various styles, sizes, models and

27   configurations of Sunbeam electric blankets, throws, and mattress covers is substantially similar

3

COMPLAINT FOR DAMAGES

in its electrical function and design.

22.     The potential fire-causing failure modes the PTC heating element included in various styles, sizes, models and configurations of Sunbeam electric blankets, throws, and mattress covers is substantially similar.

23.     One of the purposes of including a safety circuit in Sunbeam PTC electric blankets is to reduce the risk of fires from electrical faults that may occur in the PTC heating element during the use of these products.

24.     Decedent Ida Post's electric blanket had a control and terminal block which were manufactured in China.

25.     Decedent Ida Post's electric blanket was substantially similar to other Sunbeam electric blankets using Sunbeam PTC heating element and the Circuit 104 safety circuit.

26.     Decedent Ida Post's electric blanket was substantially similar in its potential electrical failure modes, potential electrical malfunctions and potential electrical fire hazards to other Sunbeam electric blankets using Sunbeam PTC heating element and the Circuit 104 safety circuit.

27.     The Sunbeam PTC heating element electric blankets, throws and mattress pads are consumer products, and subject to regulation and reporting requirements to the United States Consumer Product Safety Commission (hereinafter CPSC) under the Consumer Product Safety Act (hereinafter CPSA).

### The Incident of November 26, 2009

28.     On or about November 26, 2009, the Sunbeam electric blanket of decedent Ida Post suddenly and without warning caught fire while being used in her residence located at 128 Squirrel Lane, Berry Creek, Butte County, California.  Plaintiff Debra Ferguson purchased the Sunbeam electric blanket for her mother before the incident.

29.     The Sunbeam electric blanket of decedent Ida Post suddenly and without warning caught fire while being used in a reasonable and foreseeable way.

30.     At the time of the incident described herein, decedent Ida Post was using the

4

COMPLAINT FOR DAMAGES

1   Sunbeam electric blanket in a manner that was or should have been reasonably expected or

2   anticipated by Sunbeam that it would be used by a reasonable consumer.

3       31.    As a direct and proximate result of the incident, Ida Post was killed, but not

4   before suffering personal injuries and with the conscious realization that she could not flee to

5   save her own life, and that her death by fire was imminent.

6       32.    As a direct and proximate result of the incident and resulting fire, all of the

7   personal property of Ida Post was destroyed.

### Manufacturer and Importer Conduct

8

9       33.    The decedent's Sunbeam Circuit 104 electric blanket was defective in design in

10   that the safety circuitry did not perform as intended to prevent the product from catching fire

11   when certain known and anticipated events or conditions occurred within the PTC heating

12   element during the reasonable and expected use of the product.

13       34.    Defendant Sunbeam has received and maintains claims files, warranty returns,

14   consumer complaints, databases, documents, and other information putting it on notice, if not

15   proving, that since their introduction into the market in the early to mid 1980's Sunbeam PTC

16   heating element electric blankets designed by it have been causing fires in substantial numbers

17   in a manner substantially similar to the failure of the decedent's electric blanket as described

18   herein.

19       35.    Defendant Sunbeam has received and maintains claims files, warranty returns,

20   consumer complaints, databases, documents, and other information putting it on notice, if not

21   proving, that since their introduction into the market in the year 2000, Sunbeam PTC heating

22   element electric blankets designed by it which contain Circuit 104 have been causing fires in

23   substantial numbers in a manner substantially similar to the failure of the decedent's electric

24   blanket as described herein.

25       36.    In spite of the notice and information it has received, and knowledge of the fire

26   hazard of these electric blankets, and the accompanying hazard of serious injury and death, as

27   well as the hazard of fires and property damage, defendant Sunbeam nonetheless has made the

5

1  corporate decision to continue manufacturing, importing, and distributing to consumers in the

2  State of California, including decedent Ida Post, these same defective, misbranded and

3  adulterated products.

4      37.    In spite of the notice and information it has received, and knowledge of the fire

5  hazard of these electric blankets, and the accompanying hazard of serious injury to consumers,

6  as well as the hazard of fires and property damage, defendant Sunbeam nonetheless has made

7  the corporate decision not to stop the sale of these defective, misbranded and adulterated

8  products to consumers in the State of California, including decedent Ida Post.

9      38.    In spite of the notice and information it has received, and knowledge of the fire

10  hazard of these electric blankets, and the accompanying hazard of serious injury to consumers,

11  as well as the hazard of fires and property damage, defendant Sunbeam nonetheless has made

12  the corporate decision not to warn consumers in the State of California, including decedent Ida

13  Post, that these defective, misbranded and adulterated Sunbeam electric blankets, with the same

14  design, manufacture and labeling defects, may suddenly and unexpectedly fail during reasonable

15  and expected use of the product, presenting a hazard of fires and the accompanying hazard of

16  serious injury and death to consumers, as well as a hazard of property damage, when being used

17  by consumers in a manner that is or should be reasonably expected and anticipated by Sunbeam.

18      39.    In spite of the notice and knowledge of the facts set forth above, prior to the

19  importation, distribution and sale of the Post electric blanket, defendant Sunbeam nonetheless

20  made the corporate decision not to recall these defective, misbranded and adulterated products

21  which had been distributed to retailers, but had not yet been sold and distributed to consumers in

22  the State of California, such as decedent Ida Post.

23      40.    In spite of the notice and knowledge of the facts set forth above, subsequent to

24  the distribution and sale of the Post electric blanket, defendant Sunbeam made the corporate

25  decision not to recall these defective, misbranded and adulterated products which had been

26  distributed and sold to consumers in the State of California, such as decedent Ida Post.

27      41.    The conduct of Sunbeam, as set forth herein, was negligent.

6

COMPLAINT FOR DAMAGES

42. The actions of defendant Sunbeam, as set forth herein, were willful, wanton, malicious, oppressive, fraudulent, reckless, and with conscious disregard for the safety of the consuming public, including decedent Ida Post.

43. The conduct of Sunbeam, as set forth herein, was with malice in that Sunbeam's conduct was despicable conduct which was carried on by the defendant Sunbeam with a willful and knowing disregard of the rights or safety of others. Sunbeam's conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people.

44. The conduct of Sunbeam, as set forth herein, was oppressive in that Sunbeam's conduct was despicable conduct that subjected decedent Ida Post to cruel and unjust hardship in knowing disregard of her rights.

45. The conduct of Sunbeam, as set forth herein, was fraudulent in that Sunbeam engaged in intentional misrepresentation, deceit, or concealment of material facts known to Sunbeam with the intention on the part of the Sunbeam of continuing to import, manufacture, distribute, and leave on the market a dangerous product that harmed, and thereby deprived decedent Ida Post of property or legal rights or otherwise caused the injuries and death of Ida Post.

46. As a direct and proximate result of Sunbeam's negligence, Ida Post was injured and killed, and plaintiffs suffered the injuries and damages as otherwise claimed herein.

47. As a direct and proximate result of Sunbeam's defective and dangerous product Ida Post was injured and killed, and plaintiffs suffered the injuries and damages as otherwise claimed herein.

48. As a direct and proximate result of Sunbeam's malice, oppression and fraud, as well as its willful, wanton, reckless conduct, and its knowing disregard for the safety of the consuming public, Ida Post was injured and killed, and plaintiffs suffered the injuries and damages as otherwise claimed herein.

## Consumer Product Safety Act

49. Section 15(b) of the Consumer Product Safety Act (CPSA), 15 U.S.C. 2064(b),

7

1    imposes specific reporting obligations on manufacturers, importers, and distributors, of

2    consumer products distributed in commerce, such as Sunbeam, to provide information about

3    certain incidents involving their products to the United States Consumer Product Safety

4    Commission (CPSC).

5         50.    A manufacturer, importer, or distributor, such as Sunbeam, that obtains

6    information that reasonably supports the conclusion that such a product:  (1) Fails to comply

7    with an applicable consumer product safety rule or with a voluntary consumer product safety

8    standard upon which the CPSC has relied under section 9 of the CPSA,  (2) Contains a defect

9    that could create a substantial product hazard as defined in Section 15(a)(2) of the CPSA, 15

10   U.S.C. 2064(a)(2), or (3) Creates an unreasonable risk of serious injury or death must

11   immediately inform the Commission unless the firm has actual knowledge that the Commission

12   has been adequately informed of the failure to comply, defect, or risk.

13        51.    The purpose of reporting is to provide the Commission with the information it

14   needs to determine whether remedial action is necessary to protect the public.

15        52.    To accomplish this purpose, Section 15(b) contemplates that the Commission

16   receive, at the earliest time possible, all available information that can assist it in evaluating

17   potential product hazards.

18        53.    Pursuant to 16 CFR 1115, a "defect" is defined as a fault, flaw, or irregularity

19   that causes weakness, failure, or inadequacy in form or function.

20        54.    Pursuant to 16 CFR 1115, a consumer product may be defective even if it is

21   designed, manufactured, and marketed exactly as intended.

22        55.    Pursuant to 16 CFR 1115, a manufacturer or an importer should report to the

23   CPSC if in doubt as to whether a defect exists.

24        56.    Pursuant to 16 CFR 1115, the requirement that manufacturer or importer of a

25   product report to the CPSC when it obtains information which reasonably supports the

26   conclusion that its product creates an unreasonable risk of serious injury or death is intended to

27   require manufacturers and importers to report even when no final determination of the risk is

8

COMPLAINT FOR DAMAGES

1  possible.

2  57.    Pursuant to 16 CFR 1115, the manufacturer or importer is to report to the CPSC

3  if a reasonable person could conclude given the information available that a product creates an

4  unreasonable risk of serious injury or death.

5  58.    The purpose of reporting is to provide the Commission with the information it

6  needs to determine whether remedial action is necessary to protect the public.

7  59.    To accomplish this purpose, Section 15(b) contemplates that the Commission

8  receive, at the earliest time possible, all available information that can assist it in evaluating

9  potential product hazards.

10  60.    In deciding whether to report a potential product defect, the law does <u>not</u> limit

11  the obligation of a manufacturer, importer, or distributor, such as Sunbeam, to report events

12  only where it has finally determined that a product in fact contains a defect that creates a

13  substantial product hazard or has pinpointed the exact cause of such a defect.

14  61.    A manufacturer, importer, or distributor must report to the CPSC if it obtains

15  information which reasonably supports the conclusion that a product it manufactures and/or

16  distributes contains a defect which could create such a hazard or that the product creates an

17  unreasonable risk of serious injury or death.

18  62.    Upon information and belief, in spite of the knowledge of the facts set forth

19  above, prior to the distribution and sale of the Sunbeam electric blanket to decedent's daughter,

20  Debra Ferguson, Sunbeam made the corporate decision not to fully report to the United States

21  Consumer Product Safety Commission, pursuant to Section 15(b) of the Consumer Product

22  Safety Act, 15 U.S.C. § 2064(b), and 16 C.F.R. § 1115, potential product hazards related to the

23  other Sunbeam PTC electric blankets designed by it, imported by it from China, and distributed

24  by it, using Sunbeam's PTC heating element technology, including that Sunbeam had received

25  notice from scores of consumers that these products allegedly were the cause of serious personal

26  injury, death and property damage, and were defective.

27  63.    Upon information and belief, in spite of the knowledge of the facts set forth

9

COMPLAINT FOR DAMAGES

1   above, prior to the sale of the Sunbeam electric blanket to decedent's daughter, Debra Ferguson,

2   Sunbeam made the corporate decision not to fully report to the United States Consumer Product

3   Safety Commission, pursuant to Section 15(b) of the Consumer Product Safety Act, 15 U.S.C. §

4   2064(b), and 16 C.F.R. § 1115, potential product hazards related to the other Sunbeam PTC

5   electric blankets designed by it, imported by it from China, and distributed by it, using

6   Sunbeam's Circuit 104 safety circuit technology, including that Sunbeam had received notice

7   from scores of consumers that these products allegedly were the cause of serious personal

8   injury, death and property damage, and were defective.

9          64.    Sunbeam's failure to properly report to the CPSC reportable events allowed it to

10   conceal these reportable events, and thereby avoid sanctions, corrective actions or other

11   consequences.

12   **FIRST CAUSE OF ACTION FOR STRICT LIABILITY FOR WRONGFUL DEATH**

13   **UNDER CAL. CODE OF CIV. PROC. § 377.60, _ET SEQ._**

14          65.    Plaintiffs incorporate by reference all of the previous allegations of this

15   Complaint as if stated herein.

16          66.    The Sunbeam electric blanket and control had a defect that caused the death of

17   Ida Post.

18          67.    Ida Post was killed and plaintiffs were otherwise injured, damaged and/or

19   harmed by a product designed, manufactured, and distributed by defendant Sunbeam that

20   contained a manufacturing defect, and/or a design defect, and/or did not include sufficient

21   instructions or warning of potential safety hazards.

22          68.    The Sunbeam electric blanket owned and used by decedent was defectively

23   designed, manufactured, constructed, assembled, tested, inspected, and certain components of it,

24   i.e. the control, were imported in a defective condition by defendant Sunbeam from China,

25   acting by and through its agents, servants, and employees in the United States and in China.

26          69.    The Sunbeam electric blanket owned and used by decedent was defective when it

27   left the hands of defendant Sunbeam and was placed into the stream of commerce.

10

70.     The Sunbeam electric blanket owned and used by decedent was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

71.     Defendant Sunbeam is strictly liable to the plaintiffs for the injuries and damages caused by this product, as alleged in this complaint, because:

(a)     The defects in the Sunbeam electric blanket, as described herein, were a substantial factor in proximately causing the fire that is the subject of this Complaint, and the resulting damages;

(b)     At the time of the incident that is the subject of this Complaint, the Sunbeam electric blanket of the decedent was being used in the manner normally intended;

(c)     At the time of the incident that is the subject of this Complaint, the decedent could not, by the exercise of reasonable care, have discovered the defects in this Sunbeam electric blanket, or perceived their danger; and

(d)     At the time of the incident that is the subject of this Complaint, the decedent could not, by the exercise of reasonable care, have avoided the fire in this product.

72.     The Sunbeam electric blanket owned and used by decedent was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer, in that:

(a)     The product may suddenly and unexpectedly catch fire when being used in a responsible and foreseeable manner;

(b)     The product may suddenly and unexpectedly catch fire when being used in accordance with its instructions;

(c)     The product did not have adequate safety circuitry to prevent it from catching fire in the event of all known and expected events that may occur within its PTC heating element during reasonable and expected use of the product;

(d)     The product did not have adequate safety circuitry to prevent it from

11

1    catching fire in the event of all known and expected events that may occur within its

2    control during reasonable and expected use of the product;

3           (e)     The product lacked adequate warnings that the product may suddenly and

4    unexpectedly catch fire during reasonable and expected use of the product;

5           (f)     The construction of the control is such that during reasonable and

6    expected use of the product, certain components of the control may overheat and cause a

7    fire;

8           (g)     The control did not meet industry or UL standards; and

9           (h)     Sunbeam did not report to the CPSC reportable events involving

10   substantially similar electric blankets, as required by law, thereby circumventing the

11   oversight of that agency to protect consumers like the decedent from defective or

12   hazardous products.

13   73.     The defects in the design of the decedent's Circuit 104 Sunbeam electric blanket

14   include, but are not limited to, the following:

15          (a)     The product did not have adequate safety circuitry to prevent it from

16   catching fire in the event of all known and expected events that may occur within its

17   PTC heating element during reasonable and expected use of the product;

18          (b)     The product did not have adequate safety circuitry to prevent it from

19   catching fire in the event of all known and expected events that may occur within its

20   control during reasonable and expected use of the product;

21          (c)     Inadequate labeling and warnings;

22          (d)     The product lacked adequate warnings that the product may suddenly and

23   unexpectedly catch fire during reasonable and expected use of the product;

24          (e)     The construction of the control is such that during reasonable and expected

25   use of the product, certain components of the control may overheat and cause a fire; and

26          (f)     The control did not meet industry or UL standards.

27   74.     The defects in the manufacture of the decedent's Circuit 104 Sunbeam electric

12

COMPLAINT FOR DAMAGES

1  blanket include, but are not limited to, the following:

2         (a)    Failure to manufacture to the PTC wire to their design standards;

3         (b)    Failure to manufacture to the control to their design standards;

4         (c)    Failure to manufacture the control to industry standards; and

5         (d)    Failure to manufacture the control to UL Standards.

6      75.    The Sunbeam electric blanket that was being used by decedent was in the same or

7  substantially the same condition as it was when it was manufactured, imported, and distributed

8  by Sunbeam, and had not been changed or altered or damaged in any material way by the

9  decedent.

10      76.    Decedent used the Sunbeam electric blanket in a reasonably foreseeable way

11  and/or in a way that Sunbeam should have reasonably expected it to be used by consumers.

12      77.    As a direct and proximate result of Sunbeam's conduct and the defective

13  condition of the Sunbeam electric blanket, Ida Post was killed, and plaintiffs suffered the

14  injuries and damages set forth herein.

15      78.    As a direct and proximate result of Sunbeam's conduct and the defective

16  condition of the Sunbeam electric blanket, plaintiffs have suffered non-economic damages,

17  including without limitation, the loss of love, companionship, comfort, care, assistance,

18  protection, affection, society, emotional and moral support, training and guidance of their

19  mother, decedent Ida Post.

20      79.    As a direct and proximate result of Sunbeam's conduct and the defective

21  condition of the Sunbeam electric blanket, plaintiffs have incurred, and will incur economic

22  damages, which include without limitation, the loss of gifts or benefits that plaintiffs would

23  have expected to receive from decedent; and other pecuniary losses, the full nature and extent of

24  which are not yet known to plaintiffs, and leave is requested to amend this Complaint to

25  conform to proof at the time of trial.

26      80.    As a direct and proximate result of decedent's death, plaintiffs have incurred

27  reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their

COMPLAINT FOR DAMAGES

1  damage in a presently unascertained sum, and leave is requested to amend this Complaint to

2  conform to proof at the time of trial.

3        WHEREFORE, plaintiffs pray for judgment against defendant as herein set forth.

4  **SECOND CAUSE OF ACTION FOR STRICT LIABILITY - SURVIVAL**

5  **ACTION UNDER CODE OF CIVIL PROCEDURE § 377.20 *ET SEQ.***

6      81.    Plaintiff Thomas Post, as Personal Representative of the Estate of Ida Post,

7  hereby realleges and incorporates by reference all of the previous allegations in paragraphs 1-76

8  of the Complaint as though fully set forth herein.

9      82.    It was reasonably foreseeable that as a direct and proximate result of Sunbeam's

10  conduct and the defective condition of the Sunbeam electric blanket that decedent would be

11  killed and caused to sustain economic damages.

12      83.    As a direct and proximate result of Sunbeam's conduct and the defective

13  condition of the Sunbeam electric blanket, decedent was killed and caused to sustain economic

14  damages, including without limitation, emergency services, coroner, funeral and burial expenses.

15      84.    Plaintiff makes the following additional allegations in support of his prayer for

16  punitive damages against Sunbeam:

17      (a)    Defendant Sunbeam has received and maintains claims files, warranty

18  returns, consumer complaints, databases, documents, and other information putting it on

19  notice, if not proving, that since their introduction into the market in the early to mid-

20  1980's Sunbeam PTC heating element electric blankets designed by it have been causing

21  fires in substantial numbers in a manner substantially similar to the failure of the

22  Sunbeam electric blanket as described herein;

23      (b)    Defendant Sunbeam has received and maintains claims files, warranty

24  returns, consumer complaints, databases, documents, and other information putting it on

25  notice, if not proving, that since their introduction into the market in the year 2000,

26  Sunbeam PTC heating element electric blankets designed by it which contain Circuit

27  104 have been causing fires in substantial numbers in a manner substantially similar to

COMPLAINT FOR DAMAGES

1    the failure of the decedent's electric blanket as described herein;

2        (c)    In spite of the notice and information it has received, and knowledge of

3    the fire hazard of these electric blankets, and the accompanying hazard of serious injury,

4    as well as the hazard of fires and property damage, defendant Sunbeam nonetheless has

5    made the corporate decision to continue manufacturing, importing, and distributing to

6    consumers in the State of California, including decedent Ida Post, these same defective,

7    misbranded and adulterated products;

8        (d)    In spite of the notice and information it has received, and knowledge of

9    the fire hazard of these electric blankets, and the accompanying hazard of serious injury

10   to consumers, as well as the hazard of fires and property damage, defendant Sunbeam

11   nonetheless has made the corporate decision not to stop the sale of these defective,

12   misbranded and adulterated products to consumers in the State of California, including

13   decedent Ida Post;

14       (e)    In spite of the notice and information it has received, and knowledge of

15   the fire hazard of these electric blankets, and the accompanying hazard of serious injury

16   to consumers, as well as the hazard of fires and property damage, defendant Sunbeam

17   nonetheless has made the corporate decision not to warn consumers in the State of

18   California, including decedent Ida Post, that these defective, misbranded and adulterated

19   Sunbeam electric blankets, with these same design, manufacture and labeling defects,

20   may suddenly and unexpectedly fail during reasonable and expected use of the product,

21   presenting a hazard of fires and the accompanying hazard of serious injury to consumers,

22   as well as a hazard of property damage, when being used by consumers in a manner that

23   is or should be reasonably expected and anticipated by Sunbeam;

24       (f)    In spite of the notice and knowledge of the facts set forth above, prior to

25   the sale of the Post electric blanket, defendant Sunbeam nonetheless made the corporate

26   decision not to recall these defective, misbranded and adulterated products which had

27   been distributed to retailers, but had not yet been sold to consumers in the State of

15

COMPLAINT FOR DAMAGES

1    California, such as decedent Ida Post; and

2        (g)   In spite of the notice and knowledge of the facts set forth above,

3    subsequent to the sale of the Post electric blanket, defendant Sunbeam made the

4    corporate decision not to recall these defective, misbranded and adulterated products

5    which had been sold to consumers in the State of California, such as decedent Ida Post.

6        (h)   Knowing the risk and proven incidence of fires with these electric

7    blankets, Sunbeam failed to report to the United States Consumer Product Safety

8    Commission all of the reports and incidents it had notice or knowledge of that these

9    products were alleged to, could, or did, cause fires annually numbering in the hundreds,

10   if not thousands.

11       (i)   By not reporting to the United States Consumer Product Safety

12   Commission all of the reports and incidents it had notice or knowledge of that these

13   products were alleged to, could, and did, cause fires numbering annually in the hundreds,

14   if not thousands, Sunbeam knowingly and intentionally violated federal law designed

15   and intended to protect consumers, such as Ida Post, from dangerous and defective

16   products, by not reporting all of these incidents to the United States Consumer Product

17   Safety Commission.

18   85.   The conduct of Sunbeam, as set forth herein, was with malice in that it was

19   despicable, with a willful and conscious disregard for the rights and safety of others.

20   86.   The conduct of Sunbeam, as set forth herein, was with oppression.

21   87.   The conduct of Sunbeam, as set forth herein, was fraudulent.

22   88.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

23   and conscious disregard for the rights and safety of others, included the fact that once it knew of

24   their fire hazard, Sunbeam failed to discontinue selling these electric blankets.

25   89.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

26   and conscious disregard for the rights and safety of others, included the fact that once it knew of

27   the fire hazard with these electric blankets, Sunbeam failed to modify these products to include

16

1  known and readily available safety features and devices that would have reduced or eliminated

2  the risk and hazard of fire.

3       90.    The conduct of Sunbeam that was despicable, and was malicious, with a willful

4  and conscious disregard for the rights and safety of others, included the fact that once it knew of

5  the fire hazard with these electric blankets, Sunbeam failed to fairly and adequately inform or

6  warn consumers of the risk of and hazard of fire posed by reasonably expected use of these

7  products.

8       91.    The conduct of Sunbeam that was despicable, and was malicious, with a willful

9  and conscious disregard for the rights and safety of others, included the fact that Sunbeam failed

10  to report to the United States Consumer Product Safety Commission all of the incidents it was

11  receiving notice of where these products were reported to have caused fires, and causing

12  substantial property damage, serious injury, and death.

13       92.    The actions of defendant Sunbeam, as set forth herein, were willful, wanton,

14  malicious, oppressive, fraudulent, reckless, and with conscious disregard for the safety of the

15  consuming public, including decedent.

16       93.    The conduct of Sunbeam, as set forth herein, was with malice in that Sunbeam's

17  conduct was despicable conduct which was carried on by the defendant Sunbeam with a willful

18  and knowing disregard of the rights or safety of others.  Sunbeam's conduct was so vile, base or

19  contemptible that it would be looked down on and despised by reasonable people.

20       94.    The conduct of Sunbeam, as set forth herein, was oppressive in that Sunbeam's

21  conduct was despicable conduct that subjected Ida Post to cruel and unjust hardship in knowing

22  disregard of her rights.

23       95.    The conduct of Sunbeam, as set forth herein, was fraudulent in that Sunbeam

24  engaged in intentional misrepresentation, deceit, or concealment of material facts known to

25  Sunbeam with the intention on the part of the Sunbeam of continuing to manufacture, distribute,

26  and leave on the market a dangerous product that harmed, and thereby deprived Ida Post of

27  property or legal rights or otherwise caused her injuries and death.

17

96.     As a direct and proximate result of Sunbeam's malice, oppression and fraud, as well as its willful, wanton, reckless conduct, and its knowing disregard for the safety of the consuming public, Ida Post was injured and killed.

97.     Despite what Sunbeam knew or should have known of the fire hazard associated with its electric blankets, Sunbeam failed to discontinue selling these blankets, failed to recall those blankets already sold, failed to provide post-sale warnings to purchasers of these blankets, and failed to retrofit these blankets with adequate safety devices to prevent events such as occurred to the decedent and plaintiffs herein.

98.     The conduct of defendant Sunbeam was so aggravated, extreme and outrageous that it evidenced a total disregard for the life, health, safety, and property of Ida Post, constituted reckless disregard for the life and the property of Ida Post and further constituted malicious, oppressive, unconscionable, willful, fraudulent and wanton conduct on the part of defendant Sunbeam.

99.     Defendant Sunbeam's conduct, as set forth herein, was aggravated and far more egregious than mere negligence, and constituted malice, oppression and fraud, and as well as knowing, willful, wanton, and reckless conduct with oppression of others, including the consuming public in general, and Ida Post.

100.    Defendant Sunbeam's conduct, as set forth herein, showed knowing disregard for the rights and safety of others, including the consuming public in general, and Ida Post, as set forth herein.

101.    Various officers, directors, and managing agents of the defendant Sunbeam were aware of the conduct of Sunbeam, as set forth herein, which was in conscious disregard for the rights and safety of others.

102.    Various officers, directors, and managing agents of the defendant Sunbeam authorized or ratified the conduct of the employees and agents of Sunbeam, as described herein, which was in conscious disregard for the rights and safety of others.

103.    The conduct of defendant Sunbeam, as set forth in this Complaint, is clear and

18

1    convincing evidence that the defendant Sunbeam has been guilty of oppression, fraud, or malice,

2    and merits an award of damages for the sake of example and by way of punishing the defendant.

3         104.    Defendant Sunbeam is therefore liable to the Estate of Ida Post for punitive

4    damages. Plaintiff, therefore, hereby requests such damages against Sunbeam through the

5    survival action pursuant to Cal. Civ. Code § 3294.

6         WHEREFORE, plaintiff prays for judgment against defendant as herein set forth.

7    **THIRD CAUSE OF ACTION FOR NEGLIGENCE FOR WRONGFUL DEATH**

8    **UNDER CAL. CODE OF CIV. PROC. § 377.60, _ET SEQ._**

9         105.    Plaintiffs incorporate by reference all of the previous allegations in paragraphs 1-

10   80 of this Complaint as if stated herein.

11        106.    Sunbeam owed a duty to Ida Post and the plaintiffs to exercise reasonable care in

12   the design and manufacture of the electric blanket, and a duty to protect Ida Post and the

13   plaintiffs from foreseeable and unreasonable risks of injury, damage, and harm.

14        107.    Sunbeam negligently designed and/or manufactured the electric blankets so as to

15   make them not reasonably safe for their intended use, not reasonably safe for their reasonably

16   expected use, and not reasonably safe for their known use by consumers.

17        108.    Sunbeam negligently failed to adequately label the electric blanket, and failed to

18   adequately warn, inform, instruct and apprise the consuming public in general, and Ida Post in

19   particular as a user of the electric blanket, of the known danger of fires in these blankets, as well

20   as the defective and unsafe condition of these electric blankets.

21        109.    As a direct and proximate result of the negligence of and breach of duties by

22   defendant Sunbeam, Ida Post was killed, and plaintiffs were injured and damaged as set forth

23   herein.

24        WHEREFORE, plaintiffs pray for judgment against defendant as herein set forth.

25   **FOURTH CAUSE OF ACTION FOR NEGLIGENCE – SURVIVAL ACTION**

26   **UNDER CODE OF CIVIL PROCEDURE § 377.20 _ET SEQ._**

27        110.    Plaintiff Thomas Post, as Personal Representative of the Estate of Ida Post,

19

COMPLAINT FOR DAMAGES

1  hereby realleges and incorporates by reference all of the previous allegations in paragraphs 1-76,

2  81-104 and 106-108 of the Complaint as though fully set forth herein.

3      111.   It was reasonably foreseeable that as a direct and proximate result of said acts,

4  omissions and negligence of Sunbeam and its breach of duties that decedent would be killed and

5  caused to sustain economic damages.

6      112.   As a direct and proximate result of Sunbeam's acts, omissions and negligence

7  and the breach of its duties, decedent was killed and caused to sustain economic damages,

8  including without limitation, emergency services, coroner, funeral and burial expenses.

9      113.   Defendant Sunbeam has received and maintains claims files, warranty returns,

10 consumer complaints, databases, documents, and other information putting it on notice, if not

11 proving, that since their introduction into the market in the early to mid 1980's Sunbeam PTC

12 heating element electric blankets designed by it have been causing fires in substantial numbers

13 in a manner substantially similar to the failure of the Sunbeam electric blanket as described

14 herein.

15     114.   Defendant Sunbeam has received and maintains claims files, warranty returns,

16 consumer complaints, databases, documents, and other information putting it on notice, if not

17 proving, that since their introduction into the market in the year 2000, Sunbeam PTC heating

18 element electric blankets designed by it which contain Circuit 104 have been causing fires in

19 substantial numbers in a manner substantially similar to the failure of the decedent's electric

20 blanket as described herein.

21     115.   In spite of the notice and information it has received, and knowledge of the fire

22 hazard of these electric blankets, and the accompanying hazard of serious injury, as well as the

23 hazard of fires and property damage, defendant Sunbeam nonetheless has made the corporate

24 decision to continue manufacturing, importing, and distributing to consumers in the State of

25 California, including decedent Ida Post, these same defective, misbranded and adulterated

26 products.

27     116.   In spite of the notice and information it has received, and knowledge of the fire

COMPLAINT FOR DAMAGES

1   hazard of these electric blankets, and the accompanying hazard of serious injury to consumers,

2   as well as the hazard of fires and property damage, defendant Sunbeam nonetheless has made

3   the corporate decision not to stop the sale of these defective, misbranded and adulterated

4   products to consumers in the State of California, including decedent Ida Post.

5        117.   In spite of the notice and information it has received, and knowledge of the fire

6   hazard of these electric blankets, and the accompanying hazard of serious injury to consumers,

7   as well as the hazard of fires and property damage, defendant Sunbeam nonetheless has made

8   the corporate decision not to warn consumers in the State of California, including decedent Ida

9   Post, that these defective, misbranded and adulterated Sunbeam electric blankets, with these

10   same design, manufacture and labeling defects, may suddenly and unexpectedly fail during

11   reasonable and expected use of the product, presenting a hazard of fires and the accompanying

12   hazard of serious injury to consumers, as well as a hazard of property damage, when being used

13   by consumers in a manner that is or should be reasonably expected and anticipated by Sunbeam.

14        118.   In spite of the notice and knowledge of the facts set forth above, prior to the sale

15   of the Post electric blanket, defendant Sunbeam nonetheless made the corporate decision not to

16   recall these defective, misbranded and adulterated products which had been distributed to

17   retailers, but had not yet been sold to consumers in the State of California, such as decedent Ida

18   Post.

19        119.   In spite of the notice and knowledge of the facts set forth above, subsequent to

20   the sale of the Post electric blanket, defendant Sunbeam made the corporate decision not to

21   recall these defective, misbranded and adulterated products which had been sold to consumers

22   in the State of California, such as decedent Ida Post.

23        120.   Knowing the risk and proven incidence of fires with these electric blankets,

24   Sunbeam failed to report to the United States Consumer Product Safety Commission all of the

25   reports and incidents it had notice or knowledge of that these products were alleged to, could, or

26   did, cause fires annually numbering in the hundreds, if not thousands.

27        121.   By not reporting to the United States Consumer Product Safety Commission all of

1   the reports and incidents it had notice or knowledge of that these products were alleged to, could,

2   and did, cause fires numbering annually in the hundreds, if not thousands, Sunbeam knowingly

3   and intentionally violated federal law designed and intended to protect consumers, such as Ida

4   Post, from dangerous and defective products, by not reporting all of these incidents to the United

5   States Consumer Product Safety Commission.

6          122.   The conduct of Sunbeam, as set forth herein, was with malice in that it was

7   despicable, with a willful and conscious disregard for the rights and safety of others.

8          123.   The conduct of Sunbeam, as set forth herein, was with oppression.

9          124.   The conduct of Sunbeam, as set forth herein, was fraudulent.

10         125.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

11   and conscious disregard for the rights and safety of others, included the fact that once it knew of

12   their fire hazard, Sunbeam failed to discontinue selling these electric blankets.

13         126.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

14   and conscious disregard for the rights and safety of others, included the fact that once it knew of

15   the fire hazard with these electric blankets, Sunbeam failed to modify these products to include

16   known and readily available safety features and devices that would have reduced or eliminated

17   the risk and hazard of fire.

18         127.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

19   and conscious disregard for the rights and safety of others, included the fact that once it knew of

20   the fire hazard with these electric blankets, Sunbeam failed to fairly and adequately inform or

21   warn consumers of the risk of and hazard of fire posed by reasonably expected use of these

22   products.

23         128.   The conduct of Sunbeam that was despicable, and was malicious, with a willful

24   and conscious disregard for the rights and safety of others, included the fact that Sunbeam failed

25   to report to the United States Consumer Product Safety Commission all of the incidents it was

26   receiving notice of where these products were reported to have caused fires, and causing

27   substantial property damage, serious injury, and death.

22

COMPLAINT FOR DAMAGES

129.   The actions of defendant Sunbeam, as set forth herein, were willful, wanton, malicious, oppressive, fraudulent, reckless, and with conscious disregard for the safety of the consuming public, including decedent.

130.   The conduct of Sunbeam, as set forth herein, was with malice in that Sunbeam's conduct was despicable conduct which was carried on by the defendant Sunbeam with a willful and knowing disregard of the rights or safety of others. Sunbeam's conduct was so vile, base or contemptible that it would be looked down on and despised by reasonable people.

131.   The conduct of Sunbeam, as set forth herein, was oppressive in that Sunbeam's conduct was despicable conduct that subjected Ida Post to cruel and unjust hardship in knowing disregard of her rights.

132.   The conduct of Sunbeam, as set forth herein, was fraudulent in that Sunbeam engaged in intentional misrepresentation, deceit, or concealment of material facts known to Sunbeam with the intention on the part of the Sunbeam of continuing to manufacture, distribute, and leave on the market a dangerous product that harmed, and thereby deprived Ida Post of property or legal rights or otherwise caused her injuries and death.

133.   As a direct and proximate result of Sunbeam's malice, oppression and fraud, as well as its willful, wanton, reckless conduct, and its knowing disregard for the safety of the consuming public, Ida Post was injured and killed.

134.   Despite what Sunbeam knew or should have known of the fire hazard associated with its electric blankets, Sunbeam failed to discontinue selling these blankets, failed to recall those blankets already sold, failed to provide post-sale warnings to purchasers of these blankets, and failed to retrofit these blankets with adequate safety devices to prevent events such as occurred to the decedent herein.

135.   The conduct of defendant Sunbeam was so aggravated, extreme and outrageous that it evidenced a total disregard for the life, health, safety, and property of Ida Post, constituted reckless disregard for the life and the property of Ida Post, and further constituted malicious, oppressive, unconscionable, willful, fraudulent and wanton conduct on the part of defendant

23

1   Sunbeam.

2       136.   Defendant Sunbeam's conduct, as set forth herein, was aggravated and far more

3   egregious than mere negligence, and constituted malice, oppression and fraud, and as well as

4   knowing, willful, wanton, and reckless conduct with oppression of others, including the

5   consuming public in general, and Ida Post.

6       137.   Defendant Sunbeam's conduct, as set forth herein, showed knowing disregard for

7   the rights and safety of others, including the consuming public in general, and Ida Post, as set

8   forth herein.

9       138.   Various officers, directors, and managing agents of the defendant Sunbeam were

10   aware of the conduct of Sunbeam, as set forth herein, which was in conscious disregard for the

11   rights and safety of others.

12       139.   Various officers, directors, and managing agents of the defendant Sunbeam

13   authorized or ratified the conduct of the employees and agents of Sunbeam, as described herein,

14   which was in conscious disregard for the rights and safety of others.

15       140.   The conduct of defendant Sunbeam, as set forth in this Complaint, is clear and

16   convincing evidence that the defendant Sunbeam has been guilty of oppression, fraud, or malice,

17   and merits an award of damages for the sake of example and by way of punishing the defendant.

18       141.   Defendant Sunbeam is therefore liable to the Estate of Ida Post for punitive

19   damages. Plaintiff, therefore, hereby requests such damages against Sunbeam through the

20   survival action pursuant to Cal. Civ. Code § 3294.

21       WHEREFORE, plaintiff prays for judgment against defendant as herein set forth.

22   **FIFTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY FOR**

23   **WRONGFUL DEATH UNDER CAL. CODE OF CIV. PROC. § 377.60, *ET SEQ.***

24       142.   Plaintiffs incorporate by reference the allegations in paragraphs 1 through 80 and

25   105-109 of this Complaint as if stated herein. It is intended that all of the wrongful conduct of

26   Sunbeam set forth above is incorporated herein.

27       143.   Sunbeam expressly warranted that the subject electric blankets were free from

24

COMPLAINT FOR DAMAGES

1  defects in material and workmanship, that they complied with Underwriters Laboratories

2  (hereinafter "UL") safety standards, and they complied with all applicable safety and health

3  requirements set by state and federal agencies.

4       144.   Contrary to these express warranties, Sunbeam designed, constructed,

5  manufactured, assembled, inspected, imported, and placed upon the market and into the stream

6  of commerce the subject electric blankets, and their controls made by or on behalf of Sunbeam

7  in China, in a defective condition, misbranded, adulterated, and not in compliance with relevant

8  safety standards, including in particular certain standards promulgated by Underwriters

9  Laboratories.

10       145.   As a direct and proximate result of Sunbeam's breach of its express warranties,

11  Ida Post was killed and plaintiffs suffered the injuries and damages as set forth herein.

12       WHEREFORE, plaintiffs pray for judgment against defendant as herein set forth.

13  **SIXTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY –**

14  **SURVIVAL ACTION UNDER CODE OF CIVIL PROCEDURE § 377.20 _ET SEQ._**

15       146.   Plaintiff Thomas Post as the Personal Representative of the Estate of Ida Post

16  incorporates by reference the allegations in paragraphs 1-76, 81-104, 110-141 and 143-144 of

17  this Complaint as if stated herein.  It is intended that all of the wrongful conduct of Sunbeam set

18  forth above is incorporated herein.

19       147.   Sunbeam knew or should have known of the particular purposes for which its

20  Circuit 104 electric blankets, and similarly constructed electric blankets with controls made in

21  China would be used, including all reasonably anticipated, or reasonably foreseeable uses,

22  including reasonably foreseeable misuses of the product, and did impliedly warrant to the

23  decedent that these electric blankets were designed, constructed, manufactured, assembled and

24  inspected in such a manner as to be free from defects, not mislabeled, not misbranded, not

25  adulterated, and reasonably fit for the purposes and use for which they were intended, as well as

26  for reasonably foreseeable uses, including reasonably foreseeable misuses of the product.

27       148.   Contrary to said implied warranties, Sunbeam designed, constructed,

25

COMPLAINT FOR DAMAGES

1  manufactured, assembled, inspected, imported, and placed upon the market and into the stream

2  of commerce the subject electric blanket in a defective condition, misbranded, adulterated, and

3  not in merchantable quality.

4       149.   As a direct and proximate result of Sunbeam's breach of its implied warranties,

5  decedent sustained economic damages as set forth herein.

6       WHEREFORE, plaintiff prays for judgment against defendant as herein set forth.

7  **SEVENTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY FOR**

8  **WRONGFUL DEATH UNDER CAL. CODE OF CIV. PROC. § 377.60, *ET SEQ.***

9       150.   Plaintiffs incorporate by reference all of the previous allegations in paragraphs 1-

10  80, 105-109 and 142-145 of this Complaint as if stated herein.

11       151.   As alleged in Paragraph 28, Debra Ferguson purchased the Sunbeam electric

12  blanket before the incident.  Sunbeam impliedly warranted that the blanket was reasonably fit

13  for its reasonably expected and intended use.

14       152.   Contrary to this implied warranty, Sunbeam designed, manufactured, and placed

15  upon the market and into the stream of commerce the electric blanket in a defective condition

16  and not in compliance with its implied warranty of fitness for its reasonably expected and

17  intended uses.

18       153.   As a direct and proximate result of Sunbeam's breach of its implied warranty, Ida

19  Post was killed, and plaintiffs suffered the injuries and damaged as set forth herein.

20       WHEREFORE, plaintiffs pray for judgment against defendant as herein set forth.

21  **EIGHTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY –**

22  **SURVIVAL ACTION UNDER CODE OF CIVIL PROCEDURE § 377.20 *ET SEQ.***

23       154.   Plaintiff Thomas Post as the Personal Representative of the Estate of Ida Post

24  incorporate by reference all of the previous allegations in paragraphs 1-76, 81-104, 110-141,

25  146-149 and 151-152 of the Complaint as though fully set forth herein.

26       155.   It was reasonably foreseeable that as a direct and proximate result of Sunbeam's

27  breach of implied warranty that decedent would be killed and caused to sustain economic

COMPLAINT FOR DAMAGES

1   damages.

2       156.    As a direct and proximate result of Sunbeam's breach of the implied warranty,

3   decedent was killed and caused to sustain economic damages, including without limitation,

4   emergency services, coroner, funeral and burial expenses.

5       WHEREFORE, plaintiff prays for judgment against defendant as herein set forth.

6                      **PRAYER FOR RELIEF**

7       As a direct and proximate result of the conduct of the defendant Sunbeam, as set forth

8   above, the following injuries and damages have occurred to and been sustained by the plaintiffs:

9       Plaintiffs Thomas Post, Debra Ferguson, Bobbie Haskett, Michael Post, Laura Zedaker

10  and Margie Zervos for the wrongful death of their mother, Ida Post:

11          (a)    Loss of gifts and benefits of their mother, Ida Post;

12          (b)    Loss of the love, companionship, comfort, care, assistance, protection,

13                  affection, society, emotional and moral support, training and guidance of

14                  their mother;

15          (c)    All other direct and consequential losses and damages as may be allowed

16                  by law as a direct and proximate result of the wrongful death of their

17                  mother; and

18          (d)    Prejudgment interest as allowed under California Civil Code §§ 3288 and

19                  3291.

20      Plaintiff Thomas Post as the Personal Representative of the Estate of Ida Post:

21          (a)    Cost of emergency services, coroner, funeral, burial and memorial

22                  expenses;

23          (b)    The value of the personal property of Ida Post that was lost and destroyed;

24          (c)    All other direct and consequential losses and damages as may be allowed

25                  by law suffered by the Estate of Ida Post;

26          (d)    Attorney's fees as to the Fifth through Eighth Causes of Action;

27          (e)    All other direct and consequential losses and damages as may be allowed

COMPLAINT FOR DAMAGES

by law suffered by the heirs at law of Ida Post;

    (f)    Prejudgment interest as allowed under California Civil Code §§ 3288 and 3291; and

    (g)    Punitive damages according to proof.

WHEREFORE, plaintiffs pray that they each be awarded all economic and non-economic damages and punitive damages from defendant Sunbeam Products, Inc., as allowed under applicable laws, in an amount in excess of the jurisdictional amount of $75,000, the exact amount of which has yet to be ascertained, for the direct and consequential damages, injuries, expenses, and losses they have suffered; that plaintiffs be awarded pre-judgment and post-judgment interest as allowed under applicable laws; for costs of suit herein; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: March 22, 2011        MARY ALEXANDER & ASSOCIATES, P.C.

By:   /s/ Mary E. Alexander
       Mary E. Alexander, Esq.
       Jennifer L. Fiore, Esq.
       *Attorneys for Plaintiffs*

28

COMPLAINT FOR DAMAGES